UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:21-CR-00006-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| RODNEY ALLEN MCGREW, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 and Supplement [Docs. 390, 391]. The United States ("the Government") responded in opposition [Doc. 398]. Thus, the motion is ripe for review. For the reasons provided herein, Defendant's motion [Doc. 390] is **DENIED**.

**I.    BACKGROUND**

On March 30, 2022, Defendant pleaded guilty to one count of conspiracy to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) [Docs. 201, 205]. Based on a total offense level of 19 and a criminal history category of VI, Defendant's guideline range was 63 to 78 months [Doc. 270, ¶ 112]. At the time of sentencing on August 18, 2022, the Court imposed a variance and sentenced Defendant to 46 months [Doc. 310]. Defendant is currently housed at FCI Beckley with a projected release date of July 18, 2024. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 29, 2024).

Defendant previously moved for compassionate release to take care of his elderly father [Doc. 352] and the Court denied the motion due to Defendant's failure to comply with the exhaustion requirement of 18 U.S.C. § 3582(c) [Doc. 361]. Defendant now seeks a sentence

1

reduction pursuant to 18 U.S.C. § 3582(c) in light of Guideline Amendment 821 and renews his prior request for compassionate release [Doc. 391].  The Government opposes Defendant's motion and asserts that he has, again, failed to satisfy the exhaustion requirement for defendant-filed motions for compassionate release and is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) [Doc. 398].

II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted).  The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]  Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).

---

[1] The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant, as he is younger than 70 and has served less than 30 years in prison. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

Additionally, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Relevant here, Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history status points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points and one status point, rather than two points, are applied for defendants with more than six criminal history points.

Here, Defendant has failed to exhaust his administrative remedies as required for consideration of a defendant-filed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Thus, to the extent Defendant seeks compassionate release, the Court cannot consider the motion. As for Defendant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2) due to the retroactivity of Amendment 821, Defendant is ineligible. At the time of sentencing, Defendant received two status points for committing the offense while on probation. If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in 19 criminal history points rather than 20. But Defendant would still be in criminal history category VI and his guideline range would be the same. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

3

Case 2:21-cr-00006-DCLC-CRW   Document 401   Filed 04/03/24   Page 3 of 4   PageID #: 2637

## III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 390] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
